UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Case No. 09-76202

THOMAS S. WELSH III.,                                           Chapter 7

      Debtor.                                                  Hon. Walter Shapero
_____/

FIRST STATE BANK OF
EAST DETROIT,

      Plaintiff,

v.                                                              Adv. No. 10-04795

THOMAS S. WELSH III, an individual,
WELSH INDUSTRIAL PARK, LLC,
a Michigan limited liability company,
WELSH ENTERPRISE, LLC, a Michigan
limited liability company, SAF-T RV
STORAGE, LLC, a Michigan limited
liability company, RICHMOND
INDUSTRIAL GROUP, a/k/a RICHMOND
INDUSTRIAL GROUP RIG, a Michigan
partnership, WOODLAND WATERS, LLC,
a Michigan limited liability company, and
PAMELA S. WELSH, an individual.

      Defendants.
_____/

### PRELIMINARY OPINION AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS

The matter before the Court is Defendants' Motion to Dismiss Amended Adversary Complaint to Determine Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A) and (B) and (6); For Denial of Debtor's Discharge Pursuant to 11 U.S.C. §§ 727(a)(2), (3), (4), and

1

(5); Avoidance of Transfer Under 11 U.S.C. § 548(a) and Under the Uniform Fraudulent Transfer Act and Other Relief.

Thomas Welsh ("Debtor") filed his chapter 7 petition on November 24, 2009. (Case No. 09-76202). On March 5, 2010, First State Bank of East Detroit ("FSB"), a substantial creditor of this debtor, filed its Complaint to Determine Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A) and (B) and (6); For Denial of Debtor's Discharge Pursuant to 11 U.S.C. §§ 727(a)(2), (3), (4), and (5); Avoidance of Transfer Under 11 U.S.C. § 548(a) and Under the Uniform Fraudulent Transfer Act and Other Relief. On June 14, 2010, Plaintiff filed an Amended Complaint, which incorporated two new counts: (1) Count VII, which added a claim for substantive consolidation of the Debtor's case with several non-debtor parties, i.e.: the listed four limited liability companies, one partnership, and Debtor's wife; and (2) Count VIII, which added a claim for unjust enrichment. The Defendants in this adversary proceeding are those listed non-debtor entities and non-debtor individual with respect to which substantive consolidation is sought.

On July 15, 2010, the Defendants filed this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) with reference to the substantive consolidation count. One ground asserted was lack of standing of FSB, a creditor of Debtor, to bring a substantive consolidation action. That ground was rendered moot by the intervention of the Trustee. It appears that the Trustee was served with the Motion to Dismiss on or about July 15, 2010. He may have been generally aware of the pendency of the proceeding before then. The Trustee moved to intervene on July 14, 2010 and the order granting intervention was entered on August 4, 2010. On July 30, 2010, the Trustee filed a simple concurrence to the Plaintiff's Objection to the Motion to Dismiss, the hearing on which was initially scheduled for, and held on, August 26, 2010.

What remains essentially involves an analysis of Judge Shefferly's opinion in the analogous case of *In re American Camshaft Specialties, Inc.*, 410 B.R. 765 (Bankr. E.D. Mich. 2009) and its comparability and applicability to this case. That case involved a parent corporation and its three wholly owned subsidiaries, all of which had initially filed chapter 11 petitions and whose cases were being jointly administered. Eventually those four cases were converted to chapter 7 jointly administered proceedings. Their common trustee filed an adversary complaint seeking, in part, an order of substantive consolidation of those four pending

2

cases with four non-debtor entities, which were essentially ultimate holding companies of the four debtor entities. All of the non-debtor defendants filed a motion to dismiss the substantive consolidation claim. The court granted the Rule 12(b)(6) motion to dismiss and in doing so carefully analyzed the applicable law and required legal findings to be made on the subject as against the complaint allegations. This Court completely agrees with and need not repeat the applicable legal rules and standards, except to note that this is a 12(b)(6) motion, the rules with respect to which are:

> The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). As the court stated in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957), "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Id*. At 47, 78 S. Ct. At 103; *Oil Chem & Atomic Worker's Int'l Union, AFL-CIO v. Delta Ref. Co.*, 277 F.2d 694 (6th Cir. 1960).

*Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

Generally and somewhat loosely speaking, Debtor and his non-debtor wife, the non-debtor defendant entities, and Debtor's children are involved in what they themselves have described as a family enterprise. It appears that they are involved in the activities of, and have ownership interests and various positions in, the various entities in one capacity or another. Paragraph 91 of the Amended Complaint alleges that Debtor is a member, shareholder, and/or partner of each of the non-debtor entities, and that he owns and/or controls approximately 50% of four of those entities and approximately 35% of the other (and indeed the Trustee has listed these ownership interests in his asset report). To say that, however, does not perforce decide the issue. Paragraphs 92 thru 117 of the Amended Complaint do make specific allegations relative to the various factors Judge Shefferly correctly articulated should be considered in a substantive consolidation inquiry.

Comparing allegations in this case with those dealt with by Judge Shefferly *In re American Camshaft Specialties, Inc.* indicates the substantial similarities between the two,

which, but for another consideration, could possibly lead to a similar conclusion in this case (thought that is not yet being decided). Importantly, Judge Shefferly made a point of noting that the trustee in that case, for instance, "does not allege that there is any difficulty in determining what assets the Debtors own or what liabilities they may owe. . . ." *In re American Camshaft Specialties, Inc.*, 410 B.R. at 791. He also noted and concluded that while the complaint alleged in conclusory terms "that it is 'impossible to segregate the assets and liabilities' of the Debtors and the non-debtor corporate defendants," such were not sufficiently factually backed up to enable the Court to conclude that the trustee's claim was plausible on its face. In this case the Trustee, while having recently intervened as a plaintiff and adopting the allegations made by the filing plaintiff, is viewed by this Court as the real party in interest in the substantive consolidation inquiry. Given the indicated timetable it is possible the Trustee may not have had sufficient time to throughly explore and determine whether or not the appropriate factual back-up exists in this case, and, if those facts do exist, to express and assert them by way of a further amended complaint or otherwise in a way that might militate against a dismissal which might otherwise be arguably appropriate. It is also possible that the Trustee may have had the time to, and in fact has done that analysis, and having done so has concluded that he cannot make any of the kinds of allegations in this case that Judge Shefferly, as above indicated, found were lacking in his case. If the latter is true, the Court needs to be apprised of that by the Trustee in some formal fashion. It is after all the Trustee who has the primary responsibility for administering the case and garnering whatever assets might be or become available. Given that this is a close case and that a decision in favor of the movants may likely end the proceeding, the Court feels that before such occurs, the full alleged factual basis for the claims asserted should be more fully explored by the Trustee and be brought before the Court, or, at least the Trustee should be afforded a fair opportunity to do so.

      Therefore, the Trustee is hereby given the opportunity to further amend the complaint. Following any such amendment (or the failure to timely file such) the Court will then make its ruling on the pending dismissal motion as it stands without further argument or submissions by any party. The Trustee (and only the Trustee) will have until September 30, 2010 to file a further amended complaint. Said period shall be extendable for good cause on prior ex parte application to the Court.

It is so ordered.

**Signed on August 30, 2010**

                                                **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**