UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

    Thomas S. Welsh III,

        Debtor.
_____/

Case No. 09-76202
Chapter 7
Hon. Walter Shapero

FIRST STATE BANK OF
EAST DETROIT, and
MARK H. SHAPERO,

        Plaintiffs,

v.

Adv. No. 10-04795

THOMAS S. WELSH III, an individual,
WELSH INDUSTRIAL PARK, LLC,
a Michigan limited liability company,
WELSH ENTERPRISE, LLC, a Michigan
limited liability company, SAF-T RV
STORAGE, LLC, a Michigan limited
liability company, RICHMOND
INDUSTRIAL GROUP, a/k/a RICHMOND
INDUSTRIAL GROUP RIG, a Michigan
partnership, WOODLAND WATERS, LLC,
a Michigan limited liability company, and
PAMELA S. WELSH, an individual.

        Defendants.
_____/

**OPINION AND ORDER SETTING EVIDENTIARY HEARING ON TRUSTEE'S MOTION TO APPOINT RECEIVER OVER SAF-T RV STORAGE, LLC**

    Trustee having filed a Motion to Appoint Receiver Over Saf-T RV Storage, LLC (Docket No. 84) on June 22, 2011 (said entity being one in which the Debtor held at the time of filing a 50% membership interest); The Court having held a hearing on that matter on July 7, 2011; The Court having indicated at said hearing that it would make a preliminary finding on: (1) whether 11 U.S.C. § 105(b) precludes the Court from appointing a receiver; (2) if the Court finds that § 105(b) does not preclude the Court from appointing a receiver, whether the Court would need to

hold an evidentiary hearing to determine whether such is appropriate in this case; and there having been raised an ancillary, but relevant issue as to the status of the Chapter 7 Trustee as a member of Saf-T RV Storage, LLC; 11 U.S.C. § 105(b) stating that "[n]otwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title" and 11 U.S.C. § 105(a) stating, in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title;" The Court finding and agreeing with the following:

> Although §105(b) provides that "a court may not appoint a receiver in a case under this title," the precise language of that provision and case law make clear that it applies only to the administrative bankruptcy "case," not to an adversary proceeding. A "case" is what is commenced by the filing of a petition, . . . whereas a "proceeding" is commenced by a summons and complaint . . . . Consequently § 105(b) "does not prohibit the appointment of a receiver in a related adversary proceeding if otherwise authorized and appropriate." 2 Lawrence P. King, Collier on Bankruptcy ¶ 105.06, at 105-84.7 (15th Ed. 2004). *Accord, Craig v. McCarty Ranch Trust (In re Cassidy Land and Cattle Co.)*, 836 F.2d 1130, 1133 (8th Cir. 1988); *In re Memorial Estates, Inc.*, 797 F.2d 516, 520 (7th Cir. 1986) ("The power cut off by section 105(b) of the Bankruptcy Code is the power to appoint a receiver for the bankruptcy estate, that is, a receiver in lieu of a trustee.")

*In re Ehmann*, 319 B.R. 200, 207 (Bankr. D. Ariz. 2005); The Court further concluding that "generally, the appointment of a receiver is a remedy which lies within the ambit of the Court's authority, particularly where, as here, the threat of asset dissipation is raised." *In re Schlein*, 178 B.R 82, 86 (Bankr. E.D. Penn. 1995) (citing *In re Memorial Estates, Inc.* 797 F.2d 516 (7th Cir. 1986)) (appointing a receivership to manage and wind-down a non-debtor partnership); The Court further thus concluding, depending on the relevant facts in this case, that it would not be inappropriate to appoint a receiver in a case where necessary to preserve and protect the estate's interest in an entity; The Court therefore determining that it is necessary to hold an evidentiary hearing to determine whether appointment of a receiver is appropriate in this case or whether there is some other mechanism by which the Trustee could protect, preserve, and exercise his rights with regard to the estate's interest in Saf-T RV Storage, LLC;

Saf-T RV Storage, LLC also having argued that the Trustee is merely a substitute member of the LLC entitled only to collect distributions, and not entitled to anything or status beyond that function in connection with its interest in the LLC; In further connection with this

evidentiary hearing, after reviewing the operating agreement and applicable law, the Court finding that the Trustee is "not a mere assignee, but stepped into [Debtor's] shoes, succeeding to all of [his] rights, including the right to control [the LLC]." *In re First Prot., Inc.*, 440 B.R. 821, 830 (B.A.P 9th Cir. 2010); The Court thereby concluding that the Trustee, under 11 U.S.C. § 541 and § 704, steps into the shoes of the Debtor as a member of the said LLC, and by reason thereof is entitled to have, secure, seek, and exercise whatever rights and remedies would be available to a member thereof under applicable law, and in the absence of bankruptcy; Now therefore

**IT IS THEREFORE HEREBY ORDERED** that the Court will hold an evidentiary hearing on **August 31, 2011 at 10 a.m.** to hear evidence, in the context of these findings and conclusions, as to whether it is appropriate for the Court to appoint a receiver in this case.

.

```
            Signed on July 27, 2011
                                    /s/ Walter Shapero
                              Walter Shapero
                              United States Bankruptcy Judge
```